IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **AUDACIOUS INQUIRY LLC**<br>10377 S Jordan Gateway, Suite 600<br>South Jordan, UT 84095<br><br>and<br><br>**COLLECTIVE MEDICAL TECHNOLOGIES, INC**.<br>10377 S Jordan Gateway, Suite 600<br>South Jordan, UT 84095<br><br>       Plaintiffs,<br><br>  v.<br><br>**CHESAPEAKE REGIONAL INFORMATION SYSTEM FOR OUR PATIENTS**<br>10480 Little Patuxent Parkway, Suite 800<br>Columbia, MD 21044<br><br>and<br><br>**CRISP, INC. SHARED SERVICES AND AFFILIATES**<br>10480 Little Patuxent Parkway, Suite 800<br>Columbia, MD 21044<br><br>       Defendants. | Civil Action No. 1:25-CV-02264-JRR |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF
<u>SUPPLEMENTAL AUTHORITY</u>**

      Plaintiffs Audacious Inquiry LLC ("Audacious") and Collective Medical Technologies, Inc. ("CMT") (collectively, "Plaintiffs") submit this response to the Notice of Supplemental Authority (D.I. 36) (the "Notice") filed by Defendants Chesapeake Regional Information System for our Patients ("CRISP") and CRISP, Inc., Shared Services and Affiliates ("CSS") (collectively,

1

"Defendants"). Contrary to Defendants' assertion, the Federal Circuit's opinion in *US Pat. No. 7,679,637 LLC v. Google LLC*, --- F.4th ---, No. 2024-1520, 2026 WL 174922 (Fed. Cir. Jan. 22, 2026), does not support their Motion to Dismiss (D.I. 28). Rather, the *Google* decision merely applies existing precedent that Plaintiffs have already explained is inapplicable here.

Defendants contend *Google* holds "that claims that recite the manipulation of data streams received from multiple sources are ***not*** patent eligible." D.I. 36 at 1. But, as even the parentheticals in Defendants' Notice reveal, the Federal Circuit's actual holding is more targeted and narrow. Specifically, far from adopting a categorical rule applicable to integrating data streams, the Federal Circuit relied on the fact that the specific claims at issue were "result-oriented because they do not explain how the client applications achieved the recited manipulation of data" to achieve the claimed result, and that the "written description" for the claims did not suggest the use of multiple applications and data streams "was a technical solution to any problem facing the inventor." *Google*, 2026 WL 174922, at *4. As a result, the Federal Circuit held both that the asserted claims were directed to a patent-ineligible abstract idea under *Alice* Step One and also that they did not disclose any further inventive concept under *Alice* Step Two. *See id.*

*Google* neither complements authority already cited by Defendants nor rebuts any arguments made by Plaintiffs. The patents-in-suit do not suffer from deficiencies analogous to those in *Google*. The claims of U.S. Patent No. 11,114,194 ("the '194 patent") "are directed to specific technical improvements in the ability to provide [Event Notification Services] in real time," and the Examiner accepted the applicant's explanation that the claims, as supported by the specification, "***recite the solution in detail***." D.I. 31 at 15-16 (citation omitted) (emphasis added). Likewise, U.S. Patent Nos. 10,938,962 ("the '962 patent") and 12,047,475 ("the '475 patent") disclose technical solutions to technical problems allowing for the effective integration of disparate

2

data streams, including the transformation of data. *Id.* at 20-25. And, in contrast to *Google*, the network solutions claimed by the patents were "neither well-known nor conventional to skilled artisans as of the priority date." *Id.* at 24-25.

For the reasons explained at length in Plaintiffs' Opposition to Defendants' Motion to Dismiss (D.I. 31), the Court should deny the motion to dismiss.

Dated: February 4, 2026                                   Respectfully submitted,

                                                          */s/ Brian T. Burgess*

                                                          Brian T. Burgess (Bar No. 19251)
                                                          William C. Jackson (*pro hac vice*
                                                          forthcoming)
                                                          **GOODWIN PROCTER LLP**
                                                          1900 N Street, N.W.
                                                          Washington, D.C. 20036-1612
                                                          Telephone: (202) 346-4444
                                                          Fax: (202) 346-4444
                                                          WJackson@goodwinlaw.com
                                                          BBurgess@goodwinlaw.com

                                                          Srikanth K. Reddy (*pro hac vice*)
                                                          Kevin J. DeJong (*pro hac vice*)
                                                          Anna Zhou (*pro hac vice* forthcoming*)*
                                                          **GOODWIN PROCTER LLP**
                                                          100 Northern Avenue
                                                          Boston, MA 02210
                                                          Telephone: (617) 570-1000
                                                          Fax: (617) 523-1231
                                                          SReddy@goodwinlaw.com
                                                          KDejong@goodwinlaw.com
                                                          AZhou@goodwinlaw.com

                                                          *Attorneys for Plaintiffs Audacious Inquiry LLC and Collective Medical Technologies, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 4, 2026.

                                              */s/ Brian T. Burgess*
                                              Brian T. Burgess